16-3269-cv
*AYDM Associates, LLC v. Town of Pamelia, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of June, two thousand seventeen.

PRESENT:  JOSÉ A. CABRANES,
            GERARD E. LYNCH,
                *Circuit Judges.*
            KIYO A. MATSUMOTO,
                *District Judge.*[*]

---

AYDM ASSOCIATES, LLC,

        *Plaintiff-Appellant,*                16-3269-cv

        v.

TOWN OF PAMELIA, LAWRENCE C. LONGWAY,

        *Defendants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**        PETER G. BARBER, Murphy, Burns, Barber & Murphy, LLP, Albany, NY.

                                    L. Michael Mackey, Feeney Centi & Mackey, Albany, NY.

---

[*] Judge Kiyo A. Matsumoto of the United States District Court for the Eastern District of New York, sitting by designation.

**FOR DEFENDANTS-APPELLEES:**         DAVID H. WALSH, Barth Sullivan Behr, Syracuse, NY.


Appeal from the judgment of the United States District Court for the Northern District of New York (Mae D'Agostino, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant AYDM Associates, LLC appeals the September 8, 2016 judgment of the district court, granting summary judgment to the Town of Pamelia and Lawrence C. Longway.[1]

On appeal, AYDM asserts that the district court erred in holding that Emerald Acres and Liberty were not "similarly situated" for the purposes of a "class of one" claim or a "selective enforcement" claim under the Equal Protection Clause of the Fourteenth Amendment. It also argues, among other things, that the district court erred in rejecting its substantive and procedural due process claim under the Due Process Clause of the Fourteenth Amendment.

For substantially the reasons set forth in the district court's well-reasoned opinion, we hold these claims to be without merit. We have considered all of the arguments raised by the parties on appeal and, upon our independent review of the record, the judgment of the district court is **AFFIRMED**.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] AYDM brought several claims pursuant to 42 U.S.C. §§ 1983 and 1985 below, including: (1) procedural and substantive violations of the Due Process Clause of the Fourteenth Amendment; (2) violations of the Equal Protection Clause of the Fourteenth Amendment; and (3) conspiracy to deprive AYDM of its constitutional protections. AYDM also brought a claim for tortious interference with a contract in violation of state law.